# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBY DEAN COGLE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | NO. EDCV 13-1475 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Robby Dean Cogle filed this action on August 23, 2013. (Dkt. No. 4.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 8, 9.) On April 17, 2014, the parties filed a Joint Stipulation that addressed the disputed issue. (Dkt. No. 17.) The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On August 18 and 21, 2009, respectively, Cogle filed applications for disability insurance benefits and supplemental security income benefits, and alleged an onset date of June 5, 2009. Administrative Record ("AR") 22, 142, 154. The applications were denied initially and upon reconsideration. AR 22, 78-81. Cogle requested a hearing before an Administrative Law Judge ("ALJ"). AR 96. On August 12, 2011, the ALJ conducted a hearing at which Cogle and a vocational expert testified. AR 35-77. On November 23, 2011, the ALJ issued a decision denying benefits. AR 19-30. On June 14, 2013, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Cogle meets the insured status requirements through December 31, 2013. AR 24. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Cogle did not engage in substantial gainful activity since June 5, 2009, the alleged onset date. Cogle has the severe impairments of status post myocardial infarction, coronary heart disease, and dyslipidemia. *Id.* He does not meet or medically equal a listing. AR 25.

Cogle has the residual functional capacity ("RFC") to perform a range of sedentary work. He can sit, stand and walk six hours in an eight-hour workday. He needs to alternate positions at 45 minute intervals for one to five minutes at his workstation. He can occasionally kneel, stoop, crawl, crouch and climb ramps and stairs. He cannot climb ropes, ladders or scaffolds. He can frequently use his right hand for gross and fine manipulation and occasionally reach overhead. He should avoid exposure to extreme cold or heat, unprotected heights and

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

dangerous moving machinery, and concentrated exposure to pulmonary irritants such as dust, fumes, gasses and odors. AR 25-26. He would need to understand, remember and carry out both simple and complex instructions and sustain concentration, attention, persistence and pace in two-hour blocks of time. AR 26. He needs a work environment free of fast paced production requirements or assembly line work. He would be off task five percent of the workweek. *Id.* Cogle is unable to perform any past relevant work. AR 28. There are jobs that exist in significant numbers in the national economy that he can perform such as addresser, order clerk food and beverage, and telephone/quotation clerk. AR 29.

### C. Mental Impairment

Cogle contends the ALJ erred in finding that his mental impairments were non-severe at step two of the sequential analysis.

At step two, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Yuckert*, 482 U.S. at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that

'significantly limits your physical or mental ability to do basic work activities.'"[2] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "clearly established by medical evidence." *Id.* at 687 (citations and quotation marks omitted). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

In finding Cogle's mental impairment non-severe, the ALJ "considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments." AR 25. Applying that analytic framework, the ALJ determined:

> The first functional area is activities of daily living. In this area, the claimant has mild limitation. The next functional area is social functioning. In this area, the claimant has mild limitation. The third functional area is concentration, persistence or pace. In this area, the claimant has mild

---

[2] Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) the use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); Social Security Ruling ("SSR") 85-15. Social security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations" and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

limitation. The fourth functional area is episodes of
decompensation. In this area, the claimant has experienced
no episodes of decompensation which have been of
extended duration. This is discussed further under finding
five.

Because [Cogle's] medically determinable mental impairment
causes no more than "mild" limitation in any of the first three
functional areas and "no" episodes of decompensation which
have been of extended duration in the fourth area, it is
nonsevere (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

*Id.*

Substantial evidence supports the ALJ's conclusion that Cogle's mental impairment was not severe. The ALJ relied upon the opinion of Dr. Rodriguez, who performed a psychiatric evaluation of Cogle on March 4, 2010 and diagnosed him with adjustment disorder with depressive and anxious features. AR 28, 289-95. Cogle indicated that he had a good relationship with family, relatives, friends, neighbors, and others. AR 291. During the mental status examination, Dr. Rodriguez found that Cogle made good eye contact and had good interpersonal contact. AR 292. He was generally cooperative and was able to volunteer information spontaneously. There was no psychomotor agitation or retardation. His thought process was coherent and organized without tangentiality or loosening of associations. His thought content was relevant and non-delusional without bizarre or psychotic thought content. His speech was normal. There was no suicidal, homicidal, or paranoid ideation. He denied recent auditory or visual hallucinations, and described his mood as depressed. His affect was polite, serious, and relaxed. He sometimes felt helpless and hopeless, but did not feel worthless or guilty. He was of at least average intelligence. *Id.*

Dr. Rodriguez opined that Cogle could understand, remember, and carry

6

out simple and complex job instructions, and had minimal limitations. AR 28, 294-95. He gave Cogle a Global Assessment of Functioning ("GAF") score of 65.[3] AR 28, 294. The ALJ found that Dr. Rodriguez's opinion was consistent with Cogle's mental status examination, records, and his activities of daily living.[4] AR 28. As an examining physician's opinion based on independent clinical findings, Dr. Rodriguez' opinion constitutes substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ also relied upon the State Agency physician, who opined that Cogle did not have severe mental impairments. AR 28, 305, 319. A non-examining physician's opinion may also constitute substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ found the State Agency physician's opinion consistent with Dr. Rodriguez's opinion, Cogle's mental status examinations and activities of daily living.

The ALJ considered and properly evaluated the April 10, 2010 and July 7, 2011 letters from Carola Hauer, PhD., MFT, Cogle's treating therapist.[5] AR 28, 303-04, 405. Dr. Hauer reported that Cogle "presents alert and oriented x4, he is well groomed and his thought process is very logical and linear (he does not experience any delusions and or hallucinations)." AR 303. She noted Cogle's reports of fatigue, inability to sit or stand for any length of time, diminished memory and concentration, severe panic attacks, and anxiety. AR 303-04. In the April 2010 letter, she diagnosed Cogle with adjustment disorder with depression

---

[3] A GAF of 65 indicates mild symptoms. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. Text Revision 2000) ("DSM-IV").

[4] Cogle testified that his daily activities include household chores, reading science fiction novels, and reading news on the internet. AR 26, 41-43.

[5] In the July 2011 letter, Dr. Hauer indicated that she had been seeing Cogle from November 28, 2010 through April 29, 2011 for psychotherapy treatment. AR 405.

and anxiety. AR 304. In the July 2011 letter, she diagnosed Cogle with major depressive disorder and adjustment disorder with depressed mood and anxiety. AR 405. The ALJ noted that Dr. Hauer's letters merely reiterated Cogle's complaints. Dr. Hauer did not opine that Cogle was unable to perform work activity. AR 28, 304, 405.

The ALJ considered and properly evaluated the initial assessment, dated March 10, 2010, from Dr. Pavlinac. AR 297-99. Dr. Pavlinac's mental status examination indicated Cogle was alert and oriented, his memory was intact, his mood was tense/depressed, his thinking was logical and coherent, and his judgment and insight were intact. AR 299. Dr. Pavlinac diagnosed Cogle with major depression and assigned a GAF score of 45.[6] The ALJ assigned limited weight to Dr. Pavlinac's assessment and found that the GAF score of 45 was inconsistent with Cogle's mental status examinations from Dr. Pavlinac and Dr. Rodriguez, Cogle's level of treatment, and Cogle's activities of daily living. AR 28.

The court notes that an error at step two is harmless unless there is prejudice in later steps. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two is harmless when ALJ evaluates claimant's impairments in later steps of sequential evaluation process); *see also Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ's error harmless where it is "inconsequential to the ultimate nondisability determination"). Here, the RFC assessment takes into account limitations from Cogle's non-severe mental impairment. AR 26.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

---

[6] A GAF score of 45 indicates serious symptoms or serious impairment in social, occupational, or school functioning. *See* DSM-IV 34.

8

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 29, 2014

                                    /s/ Alicia G. Rosenberg
                                    ALICIA G. ROSENBERG
                                    United States Magistrate Judge